1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RENE ALBERTO HERRERA-CASTANOLA,            )   Case No. 3:11-cv-00203-ECR-RAM
                                           )
                                           )
                 Plaintiff,                )
                                           )   ORDER
vs.                                        )
                                           )
                                           )
ERIC H. HOLDER, et al.,                    )
                                           )
                 Defendants.               )
                                           )

17    Plaintiff presents an interesting and inviting proposition to the Court.  One,

18  which from our perspective of this litigation, would be reasonable and just.  As a

19  child, Plaintiff was deprived of virtually automatic citizenship by an affirmative

20  act of an immigration official of the United States.  There ought to be a way that

21  Plaintiff could obtain citizenship.  However, we do not conclude that this, as we

22  see it, although a reasonable and fair objective, can be accomplished through this

23  action.

24    However, Plaintiff may not be left entirely without a remedy.  It appears

25  Plaintiff might be able to bring the issues raised in his Complaint before the

26  Court of Appeals if the immigration courts reject his nationality claims.  We note

27  that this potential remedy could be complicated.  8 U.S.C. § 1427(a)(3) and 8

28  U.S.C. § 1101(f)(8).  Courts of appeals have subject matter jurisdiction to decide

1   nationality claims in review of removal orders by the immigration courts.  Should
2   the issue arise in these circumstances, the Court of Appeals might refer some
3   issue of fact or law to the district court, but this would be on the basis of the
4   original jurisdiction of the Court of Appeals.  It may not be inferred from the
5   authority we have reviewed that jurisdiction to initiate such proceeding lies in the
6   district court.

7       We conclude that the Constitution contemplates only the following sources
8   of citizenship: birth in the United States, naturalization, or automatic citizenship
9   under certain strict conditions.  We further conclude that Congress, rather than
10  the federal courts, is vested with exclusive authority over naturalization.  This
11  Court does not have the authority to grant citizenship to a person not shown to
12  have been born in this Country.[1]  The entry of a declaratory judgment that
13  Plaintiff is a citizen would in essence have that effect.  *Mustanich v. Mukasey*,
14  518 F.3d 1084 (9th Cir. 2008) (citing *INS v. Pangilinan*, 486 U.S. 875 (S.Ct.
15  1988)).

16      In *Mustanich v. Mukasey*, *id.,* the Court appears to us to hold that an alien
17  can become a citizen only on terms specified by Congress.  Congress has the
18  exclusive constitutional authority over naturalization.  While the issue here is not
19  directly a question of the naturalization procedures, declaring Plaintiff to be a
20  citizen would have that effect.  *Mustanich* holds that the power to make someone
21  a citizen has not been conferred on the federal courts.  This includes the use of
22  mandamus, injunction, or equitable powers.  The *Mustanich* court rejected the

23
24
        ------------------------------
25      [1] These concepts concerning the power of district courts to award citizenship are subject to
        some exceptions, not pertinent here.  In *Wauchope v. U.S. Dept. of State*, 985 F.2d 1407 (9th Cir.
26      1993), the Ninth Circuit affirmed the district court when it held that a statute that conferred
        citizenship on foreign-born children of male United States citizens but not on foreign-born children
27      of female United States citizens was not constitutional and awarded citizenship as a remedy.  Such
        procedure was proper to remedy the constitutional violation where the statute enacted by Congress
28      provided for the granting of citizenship.

2

1  alien's argument that the Government was equitably estopped from disputing his
2  citizenship and held that the rule in *Pangilinan,* 486 U.S. 875 (S.Ct. 1988),
3  cannot be avoided where the immediate consequences of the requested relief is
4  citizenship.  Citizenship cannot  be conferred by estoppel.
5      *Pangilinan*, *id.*, must be read to indicate that the procedures to obtain a
6  grant of U.S. citizenship are reserved to Congress and that the federal courts
7  cannot grant citizenship to Plaintiff, no matter the grounds or the persuasiveness
8  of the fact situation.  In *Pangilinan,* Justice Scalia, speaking for the Court,
9  concludes quite specifically that the power to make someone a citizen has not
10 been conferred on the federal courts.   Justice Scalia concurring in *Miller v.*
11 *Albright*, 523 U.S. 420, 452-9 (S.Ct. 1998), again concluded in a related type of
12 situation that a district court lacks the authority to confer citizenship on a
13 foreign-born person in the absence of a statute that provides for citizenship, even
14 as a remedy for a constitutional infirmity in the statute itself.
15     In the case at bar, if the Court cannot grant the relief sought, the claims
16 must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).  We conclude that we
17 cannot grant the relief sought by Plaintiff in his complaint.  Therefore,
18 Defendants' motion to dismiss will be granted.
19     We are not so sure that there is no avenue of relief for Plaintiff's claims, so
20 the dismissal will be without prejudice.
21     We next analyze the issue of our jurisdiction to consider the claims
22 pleaded in the Complaint.
23     The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., does not itself
24 provide a basis for jurisdiction in the federal courts at all.
25     28 U.S.C. § 1331 provides for what is known as federal question
26 jurisdiction for the federal district courts.  However, district courts have no
27 jurisdiction except as conferred by Congress.  Federal jurisdiction under 28
28 U.S.C. § 1331 is not extended beyond the scope permitted by strict construction

3

of the particular statute upon which it rests.  In and of itself, 28 U.S.C. § 1331 provides no substantive basis for jurisdiction in this case.

8 U.S.C. § 1252 provides for courts of appeal jurisdiction as the sole and exclusive means for judicial review of orders of removal.  It does not provide this Court with jurisdiction to consider the present Complaint.  Courts of appeals may transfer such cases to district courts to resolve issues of fact, but it cannot be inferred from that procedure that district courts have, as is alleged here, jurisdiction at the outset to consider any such claims.

8 U.S.C. § 1433 provides authority for the Attorney General to issue a certificate of citizenship on behalf of a child (such as Plaintiff was here when he first entered the United States) born outside of the United States to an American citizen parent if certain requirements are met.  In determining our jurisdiction to consider the present case, we must look to the statute as it exists at the present time.  8 U.S.C. § 1433 does not provide for jurisdiction in this Court to hear the present action.

The foregoing are the statutes Plaintiff cites for his argument that this Court has jurisdiction to hear this action.  None of the statutes cited support this proposition.

The cases Plaintiff essentially cites in support of his contentions do not directly involve a federal district court having jurisdiction to declare a foreign-born person to be a citizen of the United States.  Plaintiff is not in federal custody, so the case cannot, if it would help, be treated as a habeas case.  Case law allowing review of nationality claims in habeas cases is inapplicable here.  Unfortunately, our previous order in 2007 in 3:04-cv-00227-ECR-RAM, *Rene Alberto Herrera-Castanola v. Alberto Gonzales, et al.*, granting habeas does not provide a basis for jurisdiction in this case, even if our order had not been vacated by the Court of Appeals as moot.

The issue of collateral estoppel by itself appears to present a persuasive

4

1  argument in Plaintiff's favor, but it does not provide a basis for jurisdiction in

2  this Court.  Nor can the law of the case doctrine confer jurisdiction here.

3      Quite recently in a separate action involving the same parties, *Herrera-*

4  *Castanola v. Gonzales, et al.*,  3:04-cv-00227-ECR-RAM, Plaintiff sought

5  declaratory judgment that he is a United States citizen.  We found in our previous

6  decision in that case that Plaintiff's claim did not fall within any of the categories

7  of cases permitting district courts to exercise jurisdiction.  We held in the earlier

8  case that we did not have jurisdiction to hear the Plaintiff's claim for declaratory

9  relief.

10      Plaintiff now alleges that things have changed since our final order was

11  entered in the previous case.  The Government has since re-initiated removal

12  proceedings against Plaintiff, and the BIA has granted DHS a motion to re-open.

13  These facts don't change the posture of the jurisdictional situation.  It cannot be

14  concluded from the fact of the pending removal proceedings that we have now

15  gained jurisdiction.

16      Plaintiff's cross motion for summary judgment is included in his

17  opposition (#21) to Defendants' motion to dismiss.  Plaintiff does not specify

18  what evidence is presented in connection with the motion to dismiss by

19  Defendants which would provide an appropriate basis to convert the motion to

20  dismiss to one for summary judgment.  It appears evidentiary references in

21  Defendants' motion to dismiss are to judicially noticeable items appropriate to be

22  considered in deciding a motion to dismiss.  In any event, the evidence referred

23  to in the Defendants' motion to dismiss would not provide a basis to grant

24  summary judgment to Plaintiff.   For the reasons stated in our analysis of the

25  Defendants' motion to dismiss, the Plaintiff's motion for summary judgment will

26  be denied.

27      The Court can only admire the steadfast and effective  pursuit of Plaintiff's

28  rights by counsel Vito de la Cruz, now retired, and counsel Ian Silverberg now

1  undertaking Plaintiff's cause.  Plaintiff may eventually prevail, but not in this
2  case in this Court at this time.

3          IT IS THEREFORE HEREBY ORDERED that Defendants' Motion to
4  Dismiss (#17) pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) is <u>GRANTED</u>.
5  Plaintiff's motion for summary judgment (#21) is <u>DENIED</u>.

6          The Clerk shall enter judgment accordingly.

7
8          Dated this 21st day of November  2011.

9
10                                                    _____
11                                         EDWARD C. REED, JR.
                                           United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28